# IN THE COURT OF APPEALS OF IOWA

No. 15-1188
Filed November 12, 2015

**IN THE INTEREST OF A.B.,**
**Minor Child,**

**M.S., Mother,**
**Appellant.**

_____

Appeal from the Iowa District Court for Polk County, Rachael E. Seymour, District Associate Judge.

A mother appeals the termination of her parental rights. **AFFIRMED.**

Jesse A. Macro of Gaudineer & George L.L.P., West Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant Attorney General, for appellee State.

Michael R. Sorci of the Youth Law Center, Des Moines, attorney and guardian ad litem for minor child.

Considered by Vogel, P.J., and Vaitheswaran and Bower, JJ.

**VAITHESWARAN, Judge.**

A mother appeals the termination of her parental rights to her child, born in 2006. She concedes she "struggled with substance abuse and mental health issues throughout the case." She further concedes she could not parent the child at the time of the termination trial. Accordingly, she does not contest the grounds for termination cited by the juvenile court. *See* Iowa Code § 232.116(1)(f) (2015) (requiring proof of several elements including proof the child cannot be returned to a parent's custody).

The mother focuses on whether termination was in the best interests of the child, given his placement with his maternal grandmother. *See* Iowa Code § 232.116(3)(a) (allowing court to decline to terminate parental rights where child is placed with a relative).

The district court carefully considered this issue, making detailed findings, as follows:

> The child's therapist indicated that a complete severance of this established relationship would be detrimental to the child. Often with a family placement the Court knows contact will likely be allowed post termination, especially if the parent can demonstrate their appropriateness down the road. Such a scenario allows for the child to [live in] a permanent, safe and loving home, while still having some assurance the parent is alright and still loves them. In this case, however, the relationship between Mother and Grandmother is so caustic such a result is unlikely. During the trial, the Court has observed Grandmother physically sit with her back turned towards Mother in a visual sign of her aversion to Mother during her testimony. She has openly balked at the child's therapist['s] suggestion that [] family therapy would be in the child's best interests, even though it clearly would be beneficial. The antagonistic relationship between Mother and Grandmother has caused this Court to struggle as to whether termination is in the child's best interests because the Court believes termination will result in a complete severance in the child-parent contact and ultimately bond, which the child's therapist has specifically stated

would be detrimental. After carefully balancing the child's need for permanency and stability, the child's noticeably improved behavior since being placed with the grandparents, the significant work Mother needs to do to address her mental health and substance abuse issues, the child's age, child's own acknowledgment that he is ready to "move on," and the Mother's ability to attempt to disrupt placement if the court ordered a guardianship, the Court finds termination and adoption is the more permanent and appropriate permanency option for the child. Therefore, the Court finds termination is in the child's best interests.

On our de novo review, we are persuaded the court's findings on this issue are supported by the record. The mother admitted the child wished to continue going to school in the district where his grandparents lived and wished to continue living with them over the week. While she also stated the child expressed a desire to see her over weekends and over a portion of the summer, she acknowledged there would "be some trust" issues she would have "to earn back." She also agreed she "just want[ed] him to be happy and safe and secure."

The child appeared to be moving towards this goal in his grandmother's care. His therapist testified he was "doing very, very well." She noted "his mood over the last several months ha[d] improved greatly" and he "seem[ed] much less concerned, worried," or "preoccupied with adult things and more able to be a kid." While she testified the child would "feel very sad" if visits with his mother were curtailed, she also reported the mother's recent substance abuse would make it "very difficult if not impossible for her to focus on [the child's] needs."

Notably, the mother tested positive for methamphetamine in her system just three weeks before the termination hearing. She used methamphetamine or missed or tampered with drug screens thirteen of the fifteen months the case was open. The child expressed anger with his mother's continued drug use and,

in the mother's own words, "because [she was] really open with [him] about it," she could "just tell that he [was] moving on."

On this record, we agree with the district court's decision to terminate the mother's parental rights rather than deny the termination petition based on the relative placement.

**AFFIRMED.**